UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04687-SVW-JCx | Date | December 18, 2013 |
|---|---|---|---|
| Title | Larry B. Moore et al. v. GlaxoSmithKline et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**  IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

**I. INTRODUCTION**

On August 2, 2012, Larry B. Moore filed a complaint against defendants GlaxoSmithKline, Hospria, Teva Pharmaceutical, Eli Lilly, Proctor and Gamble, Merck, Abbott Laboratories, Takeda Pharmaceuticals, and Baxter International. (Not. Removal, Ex. A, (Compl. at 1). The complaint was filed in the Superior Court of California, County of Los Angeles. (Id.). On June 27, 2013, Defendant Merck filed a notice of removal. (Dkt. 1). The complaint sets forth product liability claims against Defendants on behalf of Mr. Moore and the Estate of Ruby Lois Moore, for which Mr. Moore is the personal representative and successor-in-interest. (Id.).

Plaintiffs and Defendants have filed multiple motions in this case that are presently before the Court. However, after review the Court determines that it lacks subject matter jurisdiction over the case.[1] As such, the Court REMANDS the case to state court.

---

[1] Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir.2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing Mitchell v. Maurer, 293 U.S. 237, 244 (1934)); see also Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594–95 (9th Cir.1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court sua sponte).

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04687-SVW-JCx | Date | December 18, 2013 |
|---|---|---|---|
| Title | Larry B. Moore et al. v. GlaxoSmithKline et al. | | |

JS – 6

## II. FACTUAL AND PROCEDURAL BACKGROUND

　　Plaintiffs filed a handwritten form complaint in California Superior Court. The complaint states that both Larry Moore and his deceased mother, Ruby Lois Moore, suffered personal injuries from their use of certain products manufactured by the Defendants. (Compl. at 3, ¶ 11). Some of the products were used by both Mr. and Ms. Moore, while others were only used by one of the two. The complaint asserts that the products were defective; however, the nature of the defects is only described for some of the products.[2] The following claims are asserted in the complaint: fraudulent concealment, strict liability-failure to warn, negligence, deceit by express warranty, medical negligence, negligent misrepresentation, and violation of California Business and Professional Code sections 17200 and 17500. (Compl. at 3).

　　Prior to the instant removal on June 27, 2013, this case was previously removed on March 28, 2013 by defendant Eli Lilly. (Not. Removal., Ex. B). Plaintiffs are both citizens of California. All Defendants named in the complaint are citizens of other states. Further, the amount in controversy is greater than $75,000. Therefore, the Court had diversity jurisdiction over the case. (Not. Removal, at 2-5). However, on April 29, 2013, Teva Parenteral Medicines, Inc. ("TPMI") filed a motion for a more definite statement in which it stated that it believed it was the entity intended to be sued as "Teva Pharmaceutical." (Id., Ex. C).[3] Because TPMI is a California citizen, TPMI stated that it was "not clear from the face of the Complaint whether or not this Court ha[d] subject matter jurisdiction." (Not. Removal, Ex. C, at 1 n.1). The Court remanded the case to state court based on TPMI's citizenship on

---

　　[2] The allegations for each Defendant based on the products at issue and the defects described are as follows: (1) GlaxoSmithKline: both Plaintiffs used PoliGrip, which contained zinc and caused physical and mental health injuries; Ms. Moore also used Avanida, which caused blackouts, dizy spells, vomiting, and strokes. (2) Hospria: both Plaintiffs used Propotal, which was contaminated. (3) Teva Pharmaceutical: both Plaintiffs used Propotal, which was contaminated. (4) Abbott Labs: both Plaintiffs used Vicodin; the defect is not described. (5) Proctor and Gamble: both Plaintiffs used Fixodent, which contained zinc. (6) Eli Lilly: Ms. Moore used Darvocet; the defect is not described. (7) Baxter International: Ms. Moore used Herparin; the defect is not described. (8) Takeda Pharmaceuticals: Mr. Moore used Actos; the defect is not described. (9) Mr. Moore used Januria, which caused weight gain, frequent urination, and potential bladder cancer. (Compl. at 3(a)).

　　[3] TPMI is a subsidiary of Teva Pharmaceuticals USA, Inc. and is the FDA Abbreviated New Drug Application holder and manufacturer of Propofol, the drug referenced in the complaint as pertaining to Teva Pharmaceutical.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04687-SVW-JCx | Date | December 18, 2013 |
|---|---|---|---|
| Title | Larry B. Moore et al. v. GlaxoSmithKline et al. | | |

May 30, 2013.  (Not. Removal, Ex. E).     JS - 6

     Defendant Merck filed a subsequent notice of removal on June 27, 2013.  (Dkt. 1).  Merck asserts that despite the presence of defendant TPMI, this Court has diversity jurisdiction because TPMI was fraudulently joined and/or fraudulently misjoined.  (Not. Removal, at 8).  These two are discussed below.

**III. DISCUSSION**

     A. Diversity Jurisdiction (Rule of Complete Diversity)

     "[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .").  Complete diversity exists only when the plaintiff's citizenship is diverse from that of each named defendant.  18 U.S.C. §§ 1332(a), 1332(c)(1); Strawbridge v. Curtiss, 3 Cranch 267 (1806).  In the instant case, Plaintiffs and defendant TPMI are citizens of California.  (Not. Removal, Exs. C & E).  As such, this Court lacks diversity jurisdiction absent an exception to the rule of complete diversity.

     B. Fraudulent Joinder

          1. Legal Standard

     Defendants assert that this Court has jurisdiction despite the fact that Plaintiffs and defendant TPMI are both citizens of California because TPMI was fraudulently joined.  "It is commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.1998) (citing Emrich v. Touche Ross & Co., 846 F.2d at 1193 & n. 1 (9th Cir. 1988); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987)). The joinder of a non-diverse defendant will be considered fraudulent "[i]f the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state."  Hamilton Materials, Inc. v. Dow Chemical Co., 494 F.3d 1203, 1206 (9th Cir.2007) (quoting McCabe, 811 F.2d at 1339).

     "Fraudulent joinder must be proven by clear and convincing evidence."  Hamilton Materials,

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04687-SVW-JCx | Date | December 18, 2013 |
|---|---|---|---|
| Title | Larry B. Moore et al. v. GlaxoSmithKline et al. | | |

JS - 6

494 F.3d at 1206 (citing Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998)).  To meet the heavy burden of proving fraudulent joinder, courts have held that defendants must show more than that the complaint fails to state a claim against a non-diverse defendant; they must show that a plaintiff could not amend his complaint to correct the shortfall.  See Ontiveros v. Michaels Stores, Inc., No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) (stating that to prove fraudulent joinder, "the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies"); Birkhead v. Parker, No. C 12-2264 CW, 2012 WL 4902695, at *3 (N.D. Cal. Oct. 15, 2012) (holding that Defendants' fraudulent joinder claim failed because "Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege a[] viable claim."); Cf. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992) (holding that a defendant may meet its burden of proving fraudulent joinder only by demonstrating "that there is no possibility that [the plaintiff] would be able to establish a cause of action against [the resident defendant] in state court").

In the context of fraudulent joinder, Defendants "must have the opportunity to prove that individuals joined in the action cannot be liable on any theory." Ritchey, 139 F.3d at 1318; see also McCabe, 811 F.2d at 1339 (stating that the removing defendant is entitled to present facts showing that the joinder is fraudulent).  "[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." Princess Cruises, 236 F.3d at 1068; James W.M. Moore, MOORE'S FEDERAL PRACTICE § 102.21(5)(a) (3d ed. 2008) ("The federal court's review for fraud must be based on the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.").

2. Application

Defendants argue that TPMI was fraudulently joined for two reasons.  First, as to plaintiff Larry Moore, Defendants contend that the allegations in the complaint do not provide enough factual information to adequately state a claim against TPMI.  (Not. Removal, ¶¶ 28, 30).  Second, as to plaintiff Ruby Lois Moore, Defendants contend that her claim is time-barred by the statute of limitations, making her failure to state a viable claim against TPMI "obvious according to the settled rules of the state."  See Hamilton Materials, 494 F.3d at 1206.  (Id. ¶ 29).  If the Court determines that TPMI was not fraudulently joined as to either of the Plaintiff's claims, then TPMI will remain a party in the case and the Court will not have diversity jurisdiction.  Therefore, because the Court concludes that TMPI was not fraudulently joined as to Mr. Moore, the Court looks only to Mr. Moore's claims against TPMI.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04687-SVW-JCx | Date | December 18, 2013 |
|---|---|---|---|
| Title | Larry B. Moore et al. v. GlaxoSmithKline et al. | | |

JS - 6

The complaint only includes one sentence that directly references Teva Pharmaceutical (which is now associated with TPMI). That sentence states that "during the years of approximately 1990 through 2012 [Plaintiffs were administered] . . . Teva Pharmaceutical's drug Propofol (Diprivan) [which was] contaminated." (Compl., at 3(a), ln. 11). Defendants assert that this statement is clearly insufficient to state a claim for relief, and that as a result defendant TPMI was fraudulently joined.

Defendants are correct that the current pleading likely does not state a claim against TPMI that would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The complaint does not specify the manner in which Propofol was contaminated. Nor does the complaint state whether the Plaintiffs suffered any specific injuries from the contamination. However, the complaint is similarly lacking in specificity as to the claims against all other Defendants. Defendants have not provided evidence showing that the claims against TPMI are lacking in any exceptional way. Additionally, Defendants have not provided evidence showing that these deficiencies could not be cured by an amended complaint.[4] Such evidence is needed to distinguish a claim of fraudulent joinder from a motion to dismiss for failure to state a claim. See, e.g., Amarant v. Home Depot U.S.A., Inc., No. 13-cv-0245-LJO-SKO, 2013 WL 3146809, at *11 (E.D. Cal. June 18, 2013) ("Fraudulent joinder motions are not to be used as a replacement . . . for the state court demurrer."); Hernandez v. First Student, 2010 WL 5313293, at *3 (C.D. Cal. Dec. 16, 2010) (concluding that whether allegations are too vague to survive the pleading stage is properly addressed in a motion to dismiss, and noting that "[p]arties should not be able to expand federal jurisdiction beyond its statutory boundaries by using fraudulent-joinder-based removal as a replacement for the state court demurrer."). Because Defendants have not carried their heavy burden of showing that TPMI was fraudulently joined as a defendant by Mr. Moore, diversity jurisdiction cannot be asserted on this basis.

C. Fraudulent Misjoinder

Defendants alternatively assert that the Court should not consider TPMI's citizenship in determining if there is diversity jurisdiction because TPMI has been "fraudulently *misjoined*."

1. The Tapscott Decision

The doctrine of fraudulent misjoinder was first set out and adopted by the Eleventh Circuit in

---

[4] For example, Defendants have not provided evidence suggesting that Plaintiffs never consumed Propofol, or that TPMI does not manufacture or distribute Propofol.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04687-SVW-JCx | Date | December 18, 2013 |
|---|---|---|---|
| Title | Larry B. Moore et al. v. GlaxoSmithKline et al. | | |

JS - 6

Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996).  There, Gregory Tapscott, an Alabama resident, originally filed a state law class action against four defendants, one of whom was also an Alabama resident.  Id. at 1355.  The complaint alleged that the defendants had fraudulently sold service contracts for automobiles.  Id.  An amended complaint added four additional named plaintiffs and additional defendants, including defendant Lowe's, a North Carolina resident.  Id.  The claims against Lowe's were based on the alleged fraudulent sale of service contracts for retail products rather than automobiles.  Id.  Lowe's filed a notice of removal based on diversity jurisdiction, and argued that the district court should ignore the non-diverse defendants in determining diversity because the plaintiffs' claims against the "automobile" defendants had no connection with the claims against Lowe's.  Id.

Applying Federal Rule of Civil Procedure 20, the district court in Tapscott held that joinder of the claims was improper because there were no allegations of joint liability, the alleged transactions were wholly distinct, and the only similarity between the claims was the statutory fraud provisions at issue.[5]  Id.  Additionally, the district court held that the joinder was "bordering on a sham."  Id. at 1360.  As a result, the court chose to disregard the citizenship of the improperly joined parties, asserted jurisdiction over the diverse parties, and remanded the remainder of the action to state court.  Id.

The Eleventh Circuit in Tapscott affirmed, stating that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action."  Id.  The Eleventh Circuit clarified, however, that it did not hold that "mere misjoinder is fraudulent joinder," but rather that the plaintiffs' "attempt to join these parties is so *egregious* as to constitute fraudulent joinder."  Id. (emphasis added).

      2. Subsequent Decisions

Courts' reaction to Tapscott has been mixed.  The Fifth Circuit has adopted the fraudulent misjoinder theory.  See In re: Benjamin Moore & Co., 209 F.3d 296, 298 (5th Cir. 2002).  However, the Ninth Circuit has not addressed the issue in a published decision, and district courts within the Ninth Circuit have reached different conclusions about whether the doctrine should be adopted.  Compare Sutton v. Davol, Inc., 251 F.R.D. 500, 504 (E.D. Cal. 2008) (applying the doctrine); Greene v. Wyeth,

---

    [5]  Joinder of defendants under FRCP 20 requires: (1) a claim for relief asserting joint and several liability, or alternatively arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact.  See Fed. R. Civ. P. 20(a)(2).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04687-SVW-JCx | Date | December 18, 2013 |
|---|---|---|---|
| Title | Larry B. Moore et al. v. GlaxoSmithKline et al. | | |

JS - 6

344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) (applying the doctrine), with Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1127-28 (E.D. Cal. 2004) (refusing to apply the doctrine); Brazina v. Paul Revere Life Ins. Co., 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003) (refusing to apply the doctrine).

District courts that have adopted the doctrine view it as a means of "ensuring defendants their statutory right of removal to the federal courts and precluding plaintiffs from preventing removal to federal court." In re Prempro Products Liability Litigation, 591 F.3d 613, 621 (8th Cir. 2010) (citing district court cases adopting this view but deciding not to accept or reject the fraudulent misjoinder doctrine in the case at issue); see also Reed v. American Medical Sec. Group, Inc., 324 F. Supp. 2d 798, 805 (S.D. Miss.2004) (adopting the fraudulent misjoinder doctrine because "diverse defendants ought not be deprived of their right to a federal forum by such a contrivance as this").

District courts that have rejected the doctrine have raised concerns about issues such as the additional procedural complexity associated with fraudulent misjoinder, and the question of whether joinder determinations in cases initially brought in state court should be determined by federal judges. See, e.g., Osborn, 341 F. Supp. 2d at 1127 (rejecting fraudulent misjoinder because "the last thing the federal courts need is more procedural complexity"); Rutherford v. Merck & Co., 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006) (holding that Tapscott is an improper expansion of federal diversity jurisdiction, and misjoinder should be resolved by a state court); cf. 14B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3723, at 876 (4th ed. 2009) (explaining that fraudulent misjoinder adds "a level of complexity—and additional litigation—to a federal court's decision regarding removal").

      3. Analysis

The Court in this case does not need to determine the propriety of the fraudulent misjoinder theory. Even if the fraudulent misjoinder doctrine is considered, on the facts of this case it does not apply. As noted in Tapscott, fraudulent misjoinder requires not only a showing that the parties have been improperly joined, but also that the misjoinder is egregious. Tapscott, 77 F.3d at 1360. To establish egregiousness, "the majority of courts demand more than simply the presence of nondiverse, misjoined parties, but rather a showing that the misjoinder reflects an egregious or bad faith intent on the part of the plaintiffs to thwart removal." Laura J. Hines & Steven S. Gensler, *Driving Misjoinder: The Improper Party Problem in Removal Jurisdiction*, 57 Ala. L. Rev. 779, 803 (2006). For example, in In re Prempro Products Liability Litigation, the Eighth Circuit declined to conclude that the plaintiffs had egregiously misjoined their claims "[w]ithout any evidence that the plaintiffs acted in bad faith." 591 F.3d 613, 623 (8th Cir. 2010). Similarly, in Walton, the district court held that "in the absence of Fifth

                  :

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04687-SVW-JCx | Date | December 18, 2013 |
|---|---|---|---|
| Title | Larry B. Moore et al. v. GlaxoSmithKline et al. | | |

JS - 6

Circuit guidance to the contrary, the court will be more willing to find 'egregious' misjoinder in cases where it seems clear that parties were misjoined specifically to defeat diversity jurisdiction as opposed to cases where such an inference is less clear." Walton v. Tower Loan of Miss., 338 F. Supp. 2d 691 (N.D. Miss. 2004).

In the instant case, Defendants have not provided any evidence suggesting that Plaintiffs' joinder of TPMI as a Defendant was in bad faith. To the contrary, the record shows that Plaintiffs sought to sue TPMI's parent corporation, Teva Pharmaceuticals USA Inc., which was a diverse party. (Not. Removal., Ex. C at 121). It was only after TPMI stepped forward and asserted that it believed that Plaintiffs intended to name TPMI rather than Teva that TPMI became a party to the action and complete diversity was lost. Thus, it does not appear that it was Plaintiffs intent to join TPMI in an attempt to avoid federal jurisdiction.

Because Defendants have not shown that Plaintiffs joined defendant TPMI in bad faith, Defendants have not demonstrated that any misjoinder was egregious. As a result, the Court declines to find that defendant TPMI was fraudulently misjoined. The Defendants can still litigate the validity of joinder. However, because complete diversity is presently lacking, such arguments must be raised in the state court.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that it does not have jurisdiction over the matter. As such, the case is REMANEDED to state court and the pending motions are DISMISSED as moot.

:

Initials of Preparer          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04687-SVW-JCx | Date | December 18, 2013 |
|---|---|---|---|
| Title | Larry B. Moore et al. v. GlaxoSmithKline et al. | | |

JS - 6

:

Initials of Preparer        PMC